THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**KATHRYN D. GRAY**
993 Holdness Lane
Cincinnati, Ohio 45240

    Plaintiff,

vs.

**VERIFIED COMPLAINT**

**WINTON WOODS CITY SCHOOLS**
825 Waycross Rd.,
Cincinnati, Ohio 45240

    Defendant,

And

**WINTON WOODS CITY SCHOOLS, SUPERINTENDANT, ANTHONY SMITH,** Individually and in his Official Capacity
825 Waycross Rd.
Cincinnati, Ohio 45240

    Defendant,

And

**WINTON WOODS CITY SCHOOLS, EXECUTIVE DIRECTOR OF BUSINESS AFFAIRS, STEVEN DENNY,** Individually and in his Official Capacity
825 Waycross Rd.
Cincinnati, Ohio 45240

    Defendant,

And

**WINTON WOODS CITY SCHOOLS, EXECUTIVE DIRECTOR OF HUMAN RESOURCES & LEGAL SERVICES, COURTNEY WILSON, ESQ.**
Individually and in her Official Capacity

CASE NO.

JUDGE:

**COMPLAINT WITH JURY DEMAND ENDORSED HEREON**

825 Waycross Rd., Suite A
Cincinnati, Ohio 45240

    Defendant,

And

**WINTON WOODS CITY SCHOOLS, TRANSPORTATION SUPERVISOR BARB BARNACLO**
Individually and in her Official Capacity
10020 Corbett Rd.
Cincinnati, Ohio 45231

    Defendants.

---

NOW COMES Plaintiff Kathryn D. Gray ("Plaintiff Gray"), by and through counsel, and for her Verified Complaint against Defendants Winton Woods City School (hereinafter " WWCS"), Winton Woods City Schools Superintendant, Anthony Smith, in his individual and in her official capacity (hereinafter "Defendant Smith"), Winton Woods City Schools Executive Director of Business Affairs, Steven Denny in his individual and official capacity (hereinafter "Defendant Denny"), Winton Woods City Schools Executive Director of Human Resources & Legal Services, Courtney Wilson, Esq., in her individual and official capacity, (hereinafter "Defendant Wilson"), Winton Woods City Schools Transportation Supervisor, Barbara Barnaclo, in her individual and official capacity, (hereinafter "Defendant Barnaclo"), (hereinafter jointly referred to as "WWCS Defendants") states as her Verified Complaint as follows:

### **INTRODUCTION**

This is an action for monetary damages and injunctive relief pursuit to 42 U.S.C. § § 1983 and 1988, the First and Fourteenth Amendments to the United States Constitution, under the laws of the State of Ohio, the Ohio Constitution Article I, § 1 and 28 U.S.C. § 4101, against the above articulated defendants who in their individual and official capacities as members of a municipal entity, intentionally, maliciously and with reckless disregard published false and defamatory statements that has caused and

continues to cause severe emotional distress and irreparable harm to Plaintiff Gray's reputation and good standing within her community.

Plaintiff Gray alleges that on the morning of September 1, 2022, that she received a call from the children of her friend Brittany Lowry, (hereinafter "Ms. Lowry") saying their school bus didn't pick them up. Plaintiff Gray, the emergency contact for Ms. Lowry's children, picked up the children and took them to school.

Plaintiff Gray informed Ms. Lowry that the children were late for school as a result of the bus' failure to pick the children up.  As a result, Plaintiff Gray and Ms. Lowry drove to the Winton Woods Transportation Office ("WWTO") to talk with the supervisor Defendant Barnaclo to address the issue because transportation failures were a repeat problem.

Plaintiff Gray and Ms. Lowry initiated a conversation with Defendant Barnaclo that ended rather abruptly after the discussion between Ms. Lowry and Defendant Barnaclo became heated. As a result of Defendant Barnaclo and Ms. Lowry's confrontation, Defendant Barnaclo, threatened to call the police and directed both Plaintiff Gray and Ms. Lowry to go and talk to Winton Woods City Schools ("WWCS") Superintendent Anthony Smith (Defendant Smith).

Plaintiff Gray and Ms. Lowry met with Defendants Smith and Denny around 09:25 AM. The meeting lasted for approximately forty-five minutes. The parties discussed the problem with the bus driver not stopping to pick up the children as well as what had taken place at the WWTO earlier that morning.

On or around September 9, 2022, Plaintiff Gray received a letter from Defendant Wilson titled "RE: September 2, 2022,Transportation Altercation." The letter erroneously referenced events of September 1, 2022 as September 2, 2022 and the statements contained within the letter intentionally and falsely accused Plaintiff Gray of engaging in threatening and abusive conduct. Further, the letter barred Plaintiff Gray from the WWTO, a public building, stating that any violation of the letter's directive would be considered "trespassing and/or menacing" resulting in the police being called and Plaintiff Gray being arrested.

Plaintiff Gray if a community advocate and has been very outspoken in school board and city counsel meetings and the Defendants capitalized and utilized this

incident to justify excluding get from future meetings by banning her from the public buildings where the meetings take place. The Defendants did not just ban Plaintiff Gray, they forwarded their false allegations throughout the community including the local police agencies, printing Plaintiff Gray as a menacing threat. The Defendants' egregious conduct has had a devastating affect on Plaintiff Grays' reputation and good standing in the community, has affected her voice and has caused and continues to cause Plaintiff Gray severe emotional distress as she lives in constant fear for her personal health and safety because she has been wrongfully, maliciously and recklessly painted as a menacing threat within the community and the local police force.

## NATURE OF THIS ACTION

Plaintiff, Kathryn D. Gray, brings this action pursuant to 42 U.S.C. §1983 and 28 USC §1331 for legal redress for defamation pursuant to 28 U.S.C § 4101 and common law defamation per se by WWCS Defendants a municipal entity, as guaranteed by the Fourteenth Amendment to the Constitution of the United States, and Article I §§ 1 and 16 of the Ohio Constitution.

Defendants, acting under the color of state law, intentionally made false statements about Plaintiff characterizing her as verbally abusive, physically violent, threatening, and a gun enthusiast to justify banning Plaintiff Gray from being on the public property where the public and community forums held.

Defendants' false statements were published without privilege to third parties, damaging Plaintiff's reputation for a malicious purpose, in bad faith, and with reckless disregard as to the falsity of the statements in violation of Plaintiff's right to life, liberty, and the pursuit of happiness, without due process, as provided by the Fourteenth Amendment and the Ohio Constitution.

## JURISDICTION AND VENUE

1. This Honorable Court has jurisdiction over all claims presented herein pursuant to Article III § 2 which extends the jurisdiction to cases arising under the Constitution of the United States pursuant to 28 U.S.C. § 1331 (Federal question), 42

U.S.C. § 1983 and §1988, and has pendant jurisdiction over all state law claims and pursuant to 28 U.S.C. § 4101.

2. This action arises under the United States Constitution for the violation of certain protections guaranteed by the Fourteenth Amendments to the Constitution of the United States, under Federal law, particularly the Civil Rights Act, Title 42 of the United States Code, §§ 1983 and 1988, Title 18 of the United States Code,§§ 241 and 242 and Ohio common law.

## VENUE

3. Venue is appropriate under 28 U.S.C. § 1391 (b) and Fed.R.Civ.P. 4 and 17(b), Chapter X, S.D. Ohio Civ. R. 82.1 as all events giving rise to these causes of action occurred within the geographical jurisdiction of this Court.

## PARTIES

4. Plaintiff, Kathryn D. Gray, is a citizen and resident of the Forest Park neighborhood. She resides at 993 Holders Lane, Cincinnati, OH. 45240.

5. Defendant WWCS whose address is at 825 Waycross Road, Suite A, Cincinnati, OH. 45240, is a municipal government unit employing all named defendants.

6. Defendant Anthony Smith is the WWCS Superintendent at 825 Waycross Road, Suite A, Cincinnati, OH. 45240.

7. Defendant Courtney Wilson, Esq. is the WWCS Exec. Director of Human Resources and Legal Services at 825 Waycross Road, Suite A, Cincinnati, OH. 45240.

8. Defendant Steve Denny is the WWCS Exec. Director of Business Affairs at 825 Waycross Road, Suite A, Cincinnati, OH. 45240.

9. Defendant Barbara Barnaclo is the WWCS Transportation Supervisor at address is 10020 Corbett Road, Cincinnati, OH. 45231.

## FACTUAL ALLEGATIONS

10. On or about September 1, 2022, Plaintiff Gray received a phone call from Brittany Lowry's children saying the. WWCS bus didn't pick them up and that they needed a ride to school.

11. Plaintiff picked up the children and arrived at school at or around 09:05 AM.

12. Plaintiff alerted Ms. Lowry that her children were late for school and both women drove to the WWTO and entered the lobby area where the drivers enter at or around 09:10 AM.

13. At all times relevant herein on September 1, 2022, the only office personnel in the WWTO office were Defendants Barnaclo, Walton, and Walker.

14. At all times relevant herein the individuals that were present in the WWTO lobby at the time were Plaintiff Gray, Ms. Lowry, Donte Dukes, and Norman Hammons a Bus Driver.

15. Plaintiff and Ms. Lowry greeted Defendant Barnaclo through the WWTO sliding glass window about the school bus failing to pick up the children.

16. The discussion at WWTO was primarily between Defendant Barnaclo and Ms. Lowry and lasted approximately 5 minutes as the conversation between Ms. Lowry and Defendant Barnaclo quickly escalated to yelling and exchange of profanity after Ms. Barnaclo slammed the sliding glass window closed mid-discussion.

17. At all times relevant herein, Plaintiff Gray remained calm and intervened only in an attempt to deescalate the situation between Ms. Lowry and Defendant Barnaclo.

18. Defendant Barnaclo threatened to call the police and then directed Plaintiff and Ms. Lowry to go to the WWCS to talk to Defendant Smith about the issue.

19. The Springfield Township P.D. arrived at the WWTO after Plaintiff and Ms. Lowry left to go to the WWCS.

20. Defendant Barnaclo's statement to the Springfield Township P.D. was filed as part of Investigative Report ("IR") Incident # 202203985.

21. The IR falsely alleges that Plaintiff Gray was Ms. Lowry's mother, and that Plaintiff Gray was angry and had tried to enter the office area, pulling the sliding window open in the office, screamed profanities, and fled before the police arrived.

22. On September 1, 2022, Springfield Township P.D. contacted the WWCS and spoke to Defendant Smith before he had spoken to Plaintiff Gray and Ms. Lowry about the issues at the WWTO.

23. The IR stated that Defendant Smith "was notified and advised that the school's attorney would be notified, and a letter would be sent" banning Plaintiff and Ms. Lowry from "any school property."

24. Plaintiff Gray and Ms. Lowry arrived at the WWCS around 09:25 AM, on September 1, 2023 to meet with Mr. Smith and Mr. Denny to discuss the school bus issue and events at the WWTO.

25. During the meeting Defendant Smith advised Plaintiff Gray and Ms. Lowry that there were allegations of threats, profanity, and someone trying to climb through the office window at the WWTO.

26. During the meeting with Defendants Smith and Denny, Ms. Lowry informed them that she was angry about her children being left and that she had used profanity towards Defendant Barnaclo at the WWTO after Defendant Barnaclo slammed the window closed while they were talking.

27. On September 1, 2022, Plaintiff Gray at no time, threaten, argued, used profanity, nor did she take any physical actions while at the WWTO.

28. Plaintiff Gray and Ms. Lowry's meeting with Defendants Smith and Denny lasted approximately 45 minutes.

29. On or around September 9, 2022, Plaintiff Gray received a letter drafted by Defendant Wilson referred. to as a "Stay Away" letter titled "Re: September 2, 2022, Transportation Altercation."

30. Besides the fact that Plaintiff Gray was not at WWTO on September 2, 2022 the "Stay Away" letter falsely stated, among other things, that Plaintiff Gray yelled profanity, called the Transportation Director names, banged on an office window, physically prevented an office employee from closing a window and threatened the Superintendent, was a self-proclaimed gun enthusiast and that Plaintiff had done this before.

31. The "Stay Away" letter not only espoused a plethora of false information, it also barred Plaintiff from the WWTO grounds, a public building, labeling Plaintiff Gray as a verbally abusive, physically violent, threatening, and a gun enthusiast.

32. Ms. Wilson's "Stay Away" letter threatened that Plaintiff's violation of the letter "may be considered trespassing and/or menacing" stating the police would be called to arrest Plaintiff.

33. Despite being told in the meeting with Defendant's Smith and Denny that it was in fact Ms. Lowry that engaged in the argument and NOT Plaintiff Gray, Ms. Lowry did not receive a letter from the Defendants banning her from the property, instead and a letter was sent only to Plaintiff Gray.

34. Not only was the letter sent to Plaintiff Gray, on or about September 9, 2022, Defendant Wilson published her "Stay Away" letter to Defendant Smith, the WWCS Board President, and at least eight other persons, including a Forest Park, P.D. school resource officer. (SRO)

35. Further, on September 9, 2022, Defendant Wilson asked Defendant Denny to share her "StayAway" letter with the Springfield Township and Greenhills police departments.

36. On or about September 12, 2022, Defendant Denny published Defendant Wilson's "Stay Away" letter to the Greenhills, P.D. suggesting they further share the letter.

37. On or about September 12, 2022, the "Stay Away" letter was published to the Springfield Township P.D.

## COUNT I

### *(28 U.S.C. § 4101 and Common Law - Defamation)*

38. Plaintiff Gray re-alleges and incorporates by reference ¶¶1-37 as if fully reiterated herein.

39. Defendants, at all times relevant to this action, acted under color of state law.

40. The various Defendants published the statements about Plaintiff Gray as facts to third parties with negligent and reckless disregard to the truth of the facts.

41. That Defendants' knew at the time the statement was published that the information contained in the "Stay Away" letter was false, or was published with reckless indifference as to the truth, was made negligently or done so with absolute Malice in Determining the truth of the statements.

42. The statements were defamation per se under Ohio law, knowingly false, and shared without privilege.

43. That Defendants' statements damaged Plaintiff's reputation, most significantly with the local police departments identifying her as a verbally abusive, physically violent, threatening and a known gun enthusiast.

44. That Defendants' false statements were willfully published in bad faith, and with malicious and reckless intent.

45. That Defendants'3 false statements about Plaintiff, labeling her a community menace and restricting her access to public grounds and buildings under threat of being arrested, were in direct violation of her right to life, liberty, and the pursuit of happiness as guaranteed by the Fourteenth Amendment, without due process of law.

## COUNT II

### *(First Amendment Violations)*

46. Plaintiff Gray re-alleges and incorporates by reference ¶¶1-45 as if fully reiterated herein.

47. Defendants, at all times relevant to this action, acted under color of state law.

48. Defendants knowingly published false statements about Plaintiff for the purpose of preventing Plaintiff Gray from attending and participating in community meetings in forums so that her voice could not be heard, violating her constitutional right to free speech, without due process of law as guaranteed by the First and Fourteenth Amendment.

49. Defendants' false statements characterized and publicly maligned Plaintiff Gray's reputation within her community and restricted her access and opportunity to participate in community and civic meetings and forums.

50. As a direct result of the false statements Defendant Gray has had her reputation within the community and with the local police force irreparably tarnished.

51. The Defendants engaged and initiated consequences that impeded and continues to impede Plaintiff Gray's right to engage in free speech in a public forum within the community she lives impacting her ability to engage in the process of public

redress and free speech that affects herself and the community to whom she has served.

52. As a direct and proximate result of Defendants' actions Plaintiff Gray had suffered injuries and damages.

## COUNT III

### (*Fourteenth Amendment Due Process Clause Violations*)

53. Plaintiff Gray re-alleges and incorporates by reference ¶¶1-52 as if fully reiterated herein.

54. Plaintiff Gray claims damages under the Fourteenth Amendment Due Process Clause for injuries against the Defendants who through their actions, each defendant, utilizing their specific roles circumvented the recognized policies and procedures that are required to be provided to citizens before they are prohibited from public property impeding the right to attend and participate in public forums and meetings affecting the community and its citizens.

55 The Due Process Clause of the Fourteenth Amendment requires that severance of fundamental rights to free speech , public redress and access caused by occur only with rigorous protections for individual liberty interests at stake.

56. Irrespective of the rigorous protections in place, and the rights guaranteed to Plaintiff Gray the Defendants actions violated Plaintiff Gray's due process rights and as a direct and proximate result of the actions and decisions of the Defendants, Plaintiff Gray suffered injuries and damages.

## COUNT IV

### (*Intentional/Negligent Infliction of Emotional Distress*)

57. Plaintiff Gray re-alleges and incorporates by reference ¶¶1-56 as if fully reiterated herein.

58. Plaintiff Darden claims damages and injuries against Defendants for the intentional and it negligent infliction of emotional distress.

59. The Defendants intentionally caused severe emotional distress to Plaintiff Gray by their willful, wanton, extremely reckless and indifferent conduct, including but not limited to engaging in a malicious plot to not only ban Plaintiff from public redress

but by reporting to the local police authority that Plaintiff Gray opposed an imminent threat and was known to carry guns.

60. The Defendants actions in doing so has caused Plaintiff Gray to live in constant fear of potential hostile police action taken against her because they were placed on heightened alert and will be treated as a threat during any altercation, even the most innocuous interactions Plaintiff fears for her safety.

61. The actions of the Defendants go well beyond all bounds of decency and were done with the purpose of stifling Plaintiff Grays voice and inflicting emotional distress in the process with reckless disregard of the harm to be caused to Plaintiff Gray and ultimately her family.

62. That the aforesaid actions by said Defendants were so outrageous in character and were so extreme in degree that a reasonable member of the community would regard such conduct as atrocious, going beyond all possible bounds of decency and as being utterly intolerable in a civilized community.

63 As a direct and proximate result of the Defendants' extremely, reckless and indifferent conduct, Plaintiff Gray, as a black woman that has been painted as both dangerous and a threat, she lives in constant fear and paranoia given as she has become hyper vigilant each time she leaves her home for fear that any interaction with the police could result in her injury or death all without due process of law.

64. As a direct result of the Defendants actions, Plaintiff Gray has suffered and continues to suffer humiliation, embarrassment, severe emotional distress, mental anguish and has been under medical care as a direct result.

## COUNT V
### (*Punitive Damages*)

65. Plaintiff Gray re-alleges and incorporates by reference ¶¶1-64 as if fully reiterated herein.

66. The Defendants decision to defame, tarnish and destroy Plaintiff Gray's reputation in the community by disseminating false information that depicted her as a menacing threat to the public that is likely to be armed and dangerous, was grossly negligent and was done with a reckless disregard to Plaintiff Gray's health and safety.

67. The reckless actions of the Defendants not only caused Plaintiff Gray to suffer harm to her reputation but their actions caused her severe emotional distress and greatly increased the likelihood that any contact with police, regardless of how innocuous the contact, could end horrifically, thus their actions endangered Plaintiff Gray's personal health and safety.

68. The Defendants acted with specific intent to harm and their desire to quiet her voice and silence her participation in crucial policies that directly affected her community was their ultimate motivation for their actions.

69. As a direct and proximate result of their malicious and reckless actions, Plaintiff Gray suffered extreme harm, this all done to satisfy their personal and political agendas.

70. The Defendants all acted with reckless disregard as to the potential short and long term damages it would cause Plaintiff Gray, an african-american women in an increasingly racially charged atmosphere between citizens and police, that has been plagued with tension and violence.

71. It is based upon the foregoing that Plaintiff Gray is entitled to punitive damages. Punitive damages would send a strong message to the Defendants that such conduct and actions are unacceptable and inexcusable on all levels.

## COUNT VI

### *(42 U.S.C. § 1983 - Against Defendant Winton Woods City Schools)*

72. Plaintiff Gray re-alleges and incorporates by reference ¶¶1-71 as if fully reiterated herein.

73. Defendant Winton Woods City School ("WWCS"), through its' many officers, staff and employees are supposed to oversee the training of its' several departments and staff under their care and to ensure that the policies of the school board are maintained and that the customs are regulated, unbiased and non discriminatory in practice. However the actions taken within this matter showed a selective treatment specifically lodged against Plaintiff Gray, exhibits deliberate

indifference to the constitutional rights of the citizens in their community, treatment which caused the violation of Plaintiff Gray's rights.

74. It was the policy and/or custom of Defendant WWCS to fail to exercise reasonable care in the hiring the hiring of its agency directors and staff including Defendants Smith, Denny, Wilson and Barnacol thereby failing to adequately prevent constitutional violations on the part of its employees.

*75.* As a result of the above described policies and customs, Defendants Smith, Denny, Wilson and Barnacol believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

76. The above described polices and customs of Defendant WWCS demonstrate a deliberate indifference to the constitutional rights of persons within their community and school district and were the direct and proximate cause of the violations of Plaintiff Gray's rights alleged herein which caused her injury.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Kathryn Gray respectfully requests this Court:

A. Enter judgment in favor of Plaintiff Gray against all of the Defendants;

B. Enter an order declaring Defendants Smith, Denny Wilson and Barnacol's conduct unconstitutional;

C. Award Plaintiff Gray compensatory and punitive damages against Defendants;

D. Award Plaintiff's counsel reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law;

E. Award Plaintiff Gray injunctive and declaratory relief by deeming the communication defamation per se ordering the removal or retraction of the letter from the databases of the Springfield Twp., and Green Hills Police Department and from all other social media, print or other disseminated sources.

F. Grant to Plaintiff Gray such other and further relief as may be just and proper under the circumstances, including but not limited to appropriate injunctive relief.

**JURY TRIAL DEMAND**

Plaintiff Kathryn Gray demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

Respectfully submitted,

/s/ Mary T. Foster

_____

Mary T. Foster (0081729)
Trinity Law, LLC
8044 Montgomery Rd., Suite700
Cincinnati, Ohio 45236
(513) 953-2499 Telephone
(866) 884-7155 Facsimile